UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| THEODORO CANDIA-SILVIA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CRIMINAL ACTION NO. V-04-47 |
| § | CIVIL ACTION NO. V-05-30 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION

On August 16, 2004 this Defendant was sentenced for illegal entry after deportation. Judgment was entered on August 19, 2004. On March 11, 2005 Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dkt. #33).

In his motion he denies that he appealed his conviction, but the record indicates that he filed a notice of appeal on August 16, 2004. Before the appeals court ruled on the appeal, Defendant filed the instant § 2255 motion. On July 14, 2005, the Fifth Circuit dismissed the appeal as frivolous. This court took no action on the § 2255 motion while the appeal was pending, but will now address it.

While Defendant's motion is not a model of clarity, he appears to indicate that he did not appeal the Fifth Circuit's decision due to a lack of understanding of the federal laws. He goes on to state that he now desires to appeal "under the case of *Blakely v. Washington* and ask the court to make a full investigation of my case and take action in my case." (Dkt. #33 at 3).

*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), provides no relief to Defendant because *Blakely* did not pertain to the federal guidelines.

Defendant's first ground for relief indicates he pled guilty without understanding the nature

of his charges. He additionally complains that his 71 month sentence for a reentry charge is too high. Defendant's oral colloquy with the Court at the time of his plea conclusively negates his argument that he entered his plea of guilty without understanding the nature of his charges. The following exchange took place during Defendant's re-arraignment:

> THE COURT: Mr. Candia-Silvia, the elements of your offense are as follows, first of all, that you were an alien at the time alleged in the indictment, that is March 2004, during that month. Next element is that you had previously been arrested and deported from the United States, thereafter after being deported you unlawfully entered and were found in the United States. You had not received the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to apply for re-admission into the United States since the time of your previous deportation. And the last element is that you had been convicted of a felony prior to being deported. Do you understand the elements of the offense?
>
> MR. CANDIA-SILVIA: Yes.
>
> THE COURT: Mr. Hammer, what can you tell us about Mr. Candia's case?
>
> MR. HAMMER: Your honor, initially Mr. Candia is citizen and national of Mexico. He was previously deported from the United States back in August 25th 1998. He was deported again on September 18th 2002 after he was convicted in this Court of violation of 8 U.S. Code 1326. He was observed to depart on foot at Laredo by immigration officials. He departed on September 18th 2002 right after he was sentenced to a time served sentence by this Court. He also has a prior conviction for aggravated assault. Based upon the information that was obtained, Mr. Candia-Silvia was back in the country on March 6th of 2004. He was arrested for driving while intoxicated. He was booked and his identification was documented and it was then brought to the attention of the Probation Office who had him under supervision, or at least he was supposed to report when he came back into the country. That led the referral of the case to immigration authorities, and Mr. Candia was then subsequently arrested shortly after the return of the indictment on April 22, 2004. We would be able to establish that he did not obtain the required permission to come back into the country and that he was here once again illegally, and as I said did not have permission from either the Attorney General or Secretary of the Department of Homeland Security.
>
> THE COURT: Did you hear what he had to say?
>
> MR. CANDIA-SILVIA: Yes.

>THE COURT: Is it correct?
>
>MR. CANDIA-SILVIA: Yes.
>
>THE COURT: To the Charges in Count One, how do you plead, guilty or not guilty?
>
>MR. CANDIA-SILVIA: Guilty.

(Dkt. #28-2 at 27-29).

His claim that his 71 month sentence is too high should have been raised on direct appeal and is not the valid subject of a § 2255 motion.

Defendant's second ground is that his conviction was obtained by a violation of the protection against double jeopardy. He again supports this ground by relying on *Blakely*. As stated above, *Blakely* simply does not apply. His claim that "it's unconstitutional for any person to be charge with a maximum sentence for one's past criminal history" (Dkt. #33 at 4) also has no merit. Defendant did not receive a sentence in excess of the statutory maximum for his offense.

Defendant's motion has no merit for the above stated reasons and must be DISMISSED.

Signed this 17th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE